872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus PASTOR, Defendant-Appellant.
 No. 88-3498.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1989.
 
 Before KEITH, NATHANIEL R. JONES, and RALPH B. GUY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Jesus Pastor ("Pastor") appeals his jury conviction and the sentence imposed. Pastor contends that the district court erred by refusing to admit a defense exhibit, by limiting cross-examination, and by imposing a sentence in violation of the eighth amendment. We conclude that the sentence was within the statutory limit and in accordance with existing law. For the following reasons, we AFFIRM.
 
 I.
 
 2
 During an undercover narcotics investigation, two detectives from the Franklin County Sheriff's Department were introduced to Jesus Pastor. On September 4, 1987, the detectives received one-half gram of cocaine from Pastor and his friend in exchange for beer and cigarettes. On September 22, 1987, the detectives returned to Pastor's apartment on the northside of Columbus and traded beer for cocaine. Later that same evening, Pastor sold the detectives one ounce of cocaine for $1,000. One week later the detectives purchased an additional ounce of cocaine from Pastor.
 
 
 3
 In an unrelated narcotics investigation, a police informant arranged for an undercover Columbus police officer to purchase one-half ounce of cocaine from Pastor for $750 on August 18, 1987. The police later discovered that the cocaine purchased from Pastor was three grams short of one-half ounce and the informant was sent back the next day to recover the additional grams.
 
 
 4
 On December 3, 1987, a federal grand jury returned a six count indictment against Pastor for distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The trial court granted defense's motion for acquittal on Count 5, and on April 21, 1988, after a jury trial, Pastor was found guilty of the five remaining counts. The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sentenced Pastor to 10 years on Count 1, 10 years on Count 2, 20 years on Count 3, 20 years on Count 4, and 20 years on Count 6, each sentence to run consecutively for a total of 80 years.
 
 II.
 
 5
 Pastor contends the district court erred by refusing to permit him to introduce a laboratory report, defense exhibit "A", into evidence. The report, which was divided into two sections, contained the laboratory analysis of the cocaine obtained from Pastor. The chemist testified that the substance tested was cocaine; however, the report did not have Pastor's name at the top. Pastor had maintained all along that the police purchased the cocaine from someone other than himself, and believed that since another individual's name was at the top of the report his theory was substantiated.
 
 
 6
 Although Pastor presented the chemist who completed the bottom section of the report, he failed to call the DEA agent who filled out the top section of the report and, thus, was unable to admit the document into evidence under either the business record (Fed.R.Evid. 803(6)) or public record (Fed.R.Evid. 803(8)) exception to the hearsay rule. Pastor failed to lay the necessary foundation to establish that the entire report was made in the ordinary course of business or that it was a public record. Without the testimony of the DEA agent[1] to identify the top section of the report, the document was inadmissable. Therefore, the district court properly excluded the laboratory report.
 
 
 7
 Pastor also contends that the district court limited his ability to cross-examine witnesses. In one instance, Pastor sought to question a Columbus police officer about the practices of the department regarding the simulated use of drugs; however, it was the Franklin County Sheriff's Department that simulated tasting cocaine in Pastor's presence, not the Columbus police. Accordingly, the district court properly found that the testimony of the Columbus detective regarding department practices was irrelevant.
 
 
 8
 Additionally, Pastor objected to the limitations the trial court placed on his ability to cross-examine the government's informant regarding the informant's alleged suicide attempts. The district court also found, and we agree that this line of questioning were irrelevant since Pastor had no evidence to support his theory that the slashes on the informant's arm proved that he had tried to kill himself.[2]
 
 
 9
 Pastor's final argument on appeal is that his sentence, five consecutive prison sentences for a total of 80 years, is violative of the eighth amendment's prohibition against cruel and unusual punishment. However, we note that the sentence imposed in this case is lawful under the applicable statute.[3] So long as the sentence is within the statutory limitations a reviewing court "is without the proper authority to modify or change a sentence merely upon a claim that [the sentence] is too severe." United States v. Hack, 782 F.2d 862, 870 (10th Cir.1986), cert. denied 476 U.S. 1184 (1986). Moreover, under the parole guidelines in effect at the time of sentencing, Pastor will not serve anywhere near the eighty years imposed.
 
 
 10
 Accordingly, for all the foregoing reasons, we AFFIRM.
 
 
 
 [1]
 If called, the DEA agent would have testified that since many defendants were involved in the same investigation, for administrative purposes, only one suspect's name was used
 
 
 [2]
 During an in camera voir dire, the witness testified that he cut his arm in 1959 while reaching for a ball under a wire fence
 
 
 [3]
 21 U.S.C. Sec. 841(b)(1)(a) provides in pertinent part:
 In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, a fine of not more than $50,000, or both. Id.